**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 12-408-02** |
| | : | |
| **DEBORAH PEARL ELEAZER** | : | |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                    **May 8, 2014**

Deborah Pearl Eleazer moves for reconsideration of our dismissal of her petition filed pursuant to 28 U.S.C. § 2255.  She contends that we did not address her argument that her due process right was violated when she was sentenced on the basis of inaccurate information and false assumptions.  Mot. for Recons. at 3 (Doc. No. 88).  She also reiterates the same arguments she made in her § 2255 motion.  She challenges our findings of fact and credibility determinations, asserting that the Government had no evidence that she was in the middle of a drug conspiracy and that the DEA agent's testimony at the evidentiary hearing was false.  *Id.* at 10-11.

The government opposes the motion, arguing that it is meritless because the Memorandum Opinion addressed all of Eleazer's claims.   In her reply to the government's opposition, Eleazer repeats the argument that her counsel was ineffective.  She mischaracterizes our finding that she did not knowingly waive her right to file a § 2255 motion as a determination that her counsel was ineffective.  Reply to Government's Opp'n to Mot. for Recons. at 3-4 ("Reply") (Doc. No. 90).  The remedy she seeks is "to restore [her] unrestricted right to file a Section 2255 motion," or withdrawal of her plea.  Reply at 4.  Because we found an ineffective waiver of a right to

file a § 2255 petition, we denied the government's argument raising waiver, held an evidentiary hearing and considered Eleazer's counselled § 2255 motion on the merits.

A Rule 59(e) motion is subject to the "sound discretion of the district court." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). The scope of a motion for reconsideration "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). It may not be used to relitigate the case. *Id.* (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010); *see also Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) ("Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly.") (citation omitted). The motion should not be granted if the moving party is merely asking the court to "rethink" what it has already rightly or wrongly decided. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

A party may move to alter or amend a judgment under Rule 59(e) on any one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *Blystone*, 664 F.3d at 415; *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Eleazer does not argue that there was an intervening change in the law or newly discovered evidence. Thus, she relies on the third ground, arguing that we erroneously did not address her "free-standing claim that her right to due process was violated when she was sentenced on the basis of inaccurate information and false assumptions." Mot. for Recons. at 3.

Contrary to Eleazer's arguments, we considered each one of her claims. We found them meritless. *See* Mem. Op. at 1-2, 18-20 (Doc. No. 83).[1] In her § 2255 motion, as amended, Eleazer contended that her plea was not knowing and voluntary because she is "'retarded/educable' and [was] not able to read and understand the plea agreement and waiver." Mem. in Supp. of § 2255 Mot. at 6-7 (Doc. No. 45-3). She faulted her counsel for failing to conduct a pre-trial investigation to discover that fact. *Id.* at 9. We explicitly addressed this argument in the Opinion. Mem. Op. at 11-12.

As to the due process violation claim, Eleazer argued that "the sentence is void because district court's judgment was based on the materially false assumption that Ms. Eleazer was part of a ring reselling oxycodone for profit when, in fact, she was the consumer of the drug." Mem. in Supp. of § 2255 Mot. at 10. We addressed and rejected that argument as well. Mem. Op. at 14-19.

Significantly, we considered Eleazer's § 2255 motion on its merits because we found that she did not knowingly waive her right to collaterally attack her sentence. We did not find her counsel ineffective.

Eleazer argues that we should have held a second evidentiary hearing before denying her § 2255 motion because the DEA agent's testimony about an inculpatory statement made to him by Eleazer was false. We disagree. The Third Circuit's holding in *Solis v. United States* that "Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning petitioner's entitlement to relief" is inapposite. 252 F.3d 289, 294 (3d Cir. 2001). In *Solis*, a prisoner who

---

[1] With respect to the newly-raised argument that "Eleazer was sentenced under the false information and false assumption that she is of normal intelligence when, in fact, she is retarded and cannot read or write," Mot. for Recons. at 12, we did not address it because it was not raised. Furthermore, the records submitted by Eleazer did not establish that she was mentally retarded. Indeed, her interaction with the court revealed that she was competent and capable of making reasoned decisions and responses.

contended that defense counsel failed to file an appeal on his behalf was entitled to an evidentiary hearing to prove that he requested counsel to file an appeal and that counsel failed to act upon that request. *Solis*, 252 F.3d at 295.  However, a prisoner is not entitled to a hearing if the "allegations [are] contradicted conclusively by the record . . . ." *Id.*  Eleazer twice admitted that she participated in the conspiracy, both at the change of plea hearing and at sentencing.  Mem. Op. at 14-17, 19.  Accordingly, there was no need for a second hearing to determine whether Eleazer in fact made an inculpatory statement to the DEA agent.

If Eleazer's motion is intended as a Rule 60(b) motion, we do not consider it. Because her arguments are a reiteration of her § 2255 motion, she is essentially appealing our decision.  A "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988); *U.S. v. Enigwe*, 320 F. Supp. 2d 301, 306 (E.D. Pa. 2004).

Eleazer has presented no new evidence, there has been no intervening change in the law and there is no manifest error of law.  Therefore, Eleazer's motion for reconsideration will be denied.

We shall not issue a certificate of appealability because Eleazer has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of our ruling.